**Staunton.**

THOMAS v. ARMSTRONG ET ALS.

SEPTEMBER 26, 1889.

PAROL CONTRACTS—*Contract for legacy.*—Promise to leave a support at death of promisor in consideration of services during balance of her life to be performed by promisee: *held,* not within Code 1887, sec. 2840, clause 7, prohibiting an action upon a promise not to be performed within a year unless in writing.

Appeal from decree of circuit court of Augusta county rendered December 8, 1888, in the chancery cause of J. E. Beard *v.* Rusmiselle and others. Into this cause Annie Thomas came by petition, setting up a claim against Mrs. Rusmiselle, to whom, petitioner alleged, certain land belonged, which the creditors of Mr. Rusmiselle were seeking to subject to satisfy their claims against him. The decree being adverse to the petitioner, she appealed. Opinion states the case.

*A. C. Braxton,* for the appellant.

*William Patrick,* for the appellees.

LACY, J., delivered the opinion of the court.

This case is as follows: On the 13th of March, 1886, one James E. Beard, claiming to be a creditor of Geo. B. Rusmiselle, filed his bill in the circuit court of Augusta county against the said Geo. B. Rusmiselle and others, to subject the

land of the said Rusmiselle to the payment of his said debt, which amounted to the sum of $487, and which arose by reason of a decree of the circuit court of Augusta county for the same rendered against said Rusmiselle as principal debtor, and said Beard and one W. W. Call, as sureties, on the 16th day of November, 1883, and which had been paid in part by said Beard, setting forth that the said Rusmiselle, on the 13th day of June, 1882, had conveyed certain real estate mentioned, and now sought to be subjected, as stated, to a trustee, for the benefit of his wife, Mary E. Rusmiselle; that she had recently died intestate, and that the trust had now expired, and the said land was now subject to the debts of the surviving husband, the fee simple to the said land being vested in him by reason of the death of his wife intestate.

Geo. B. Rusmiselle answered that the real estate in question was not his; that two of the lots belonged to his wife before her marriage to him, and were included in the deed made by him of the third lot by mistake, and, as he never had any interest in them, his deed conveyed nothing; but the third lot was purchased with his wife's money, and for that reason was properly her's, and that all interest he could have had in these lots had terminated with the death of his wife.

On the 21st day of June, 1886, a decree was rendered for the necessary accounts—(1) of what the estate consisted, real estate and personal property; (2) the amount of the debts binding same; (3) to whom the real estate descended; (4) what was the interest of Geo. B. Rusmiselle therein, and what debts of his bound his interest, if any. Thereupon the appellant filed her petition, claiming to be a creditor, and asking for leave to present the same before the commissioner, which was a claim against Mrs. Rusmiselle, and claiming that the lands in question were liable for the debts of Mrs. Rusmiselle, and not of the said Geo. B. Rusmiselle. The appellees filed their petition, claiming to be the heirs-at-law of Mrs. Mary E. Rusmiselle, claiming that the lands belonged to her, and had descended to her heirs-at-law, whom they were.

The commissioner reported an account of the real estate, and that it belonged to Mrs. Rusmiselle, and not to her husband, and had descended to her heirs, subject to her debts, among which he reported the debt of the appellant, and it is concerning this debt that this controversy is, which is, indeed, the only debt set up against her estate in this suit.

This claim is as follows: Soon after the close of the late war Mrs. Rusmiselle was a widow, her name then being Everett, and living in the village of Middlebrook, and owning the real estate mentioned; that her family consisted of herself and her aged mother, who soon became blind and helpless; that she procured the services of the appellant, Miss Annie H. Thomas, then a healthy young woman, with some little means, and twenty-three years of age, to come and live with her and serve her, and who lived with her for the period of nineteen years, upon the faith of her promise to leave her a support when she died, and also let her have the use of what money she had.

Miss Annie H. Thomas not only lived with the said person, but was her *sole* and efficient servant, not only waiting on her old mother in her blindness and her declining years, but upon her all this time, and during five years of declining health and subsequent fatal illness, but was her cook, laundress, houseservant, maid of all work for herself and her sickly husband, she having in the meantime married the said George D. Rusmiselle, and on occasions, for considerable periods, with boarders in the house. The commissioner reported this agreement for 'a support when Mrs. Rusmiselle died, to be by parol, and to have been fully performed on the part of the appellant, and binding upon the estate of Mrs. Rusmiselle, and to be, upon the evidence, in amount $150 per year, and the prospect of life of Miss Thomas, then forty-six years of age, to be such as to make the present value of this support to be $12.089 per $1.00, making $150 × $12.089 = $1,813 35, with interest from January 1, 1886, but the interest to be offset by the rent of the home while occupied by Miss Thomas. The circuit court held that

this contract, even if proved, "is not enforceable by reason of the statute of frauds, which requires such contracts to be in writing," and decreed a small sum for services for five years before suit was brought up to the death of Mrs. Rusmiselle, to be reduced by the rental value of the real estate during the time the same was occupied by Miss Thomas after the death of Mrs. Rusmiselle. The report responded also to the other accounts and inquiries ordered by the court's decree, which appear, however, immaterial here.

From this decree Miss Thomas applied for and obtained a *supersedeas* from this court. It is assigned as error here that the circuit court held this contract void under the statute of frauds, not being in writing, and being a contract not to be performed within a year.

The contracts contemplated by the statute, are such as, by their terms, are postponed beyond a year; but when the agreement is to be performed upon a contingency, and it does not appear within the agreement that it is to be performed after the year, then writing is not necessary, for the contingency might happen within the year. If by its terms, or by reasonable construction, a contract not in writing can be fully performed within a year, although it can be done only by the occurrence of some improbable event, as the death of the person referred to, it is not within the statute; so if it can be performed on one side within the year. See the case of *Seddon* v. *Rosenbaum*, 85 Va., and cases there cited.

This contract was fully performed by Miss Thomas, who went to live with Mrs. Rusmiselle, and assumed the position contracted for on her part; its full performance on both sides was not postponed beyond the year, but was contingent upon the death of Mrs. Rusmiselle, which might have happened within the year. It is not, therefore, such a contract as is not to be performed within the year by its terms, and so was not required by the statute to be in writing. And we think the circuit court of Augusta erred in holding that it was void by

reason of the statute of frauds. We think, upon the proofs in the record, that the agreement is distinctly proven by several witnesses, and there is no just reason why it should not be enforced.

The finding of the commissioner is according to the correct principle, and a decree should have been rendered by the circuit court for the amount found by him, and the circuit court erred in sustaining the exceptions to his report upon this ground, and the same will be reversed and annulled, and a decree will be rendered here such as the said circuit court ought to have rendered.

Decree reversed.