# Richmond

WILLIAM J. GLASGOW v. SETH PEATROSS.

June 22, 1959.

Record No. 4960.

Present, All the Justices.

The opinion states the case.

*James M. Minor, Jr. (William Earle White, Jr.,* on brief), for the plaintiff in error.

*Frank B. Beazley,* for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

William J. Glasgow, sometimes hereinafter called the plaintiff, filed a motion for judgment against Seth Peatross, sometimes hereinafter called the defendant, to recover the sum of $1,500, with interest, for money loaned by the plaintiff to the defendant. The defendant filed an answer of general denial. There was a trial before a jury which resulted in a verdict for the defendant. The plaintiff's motion to set aside the verdict as contrary to the law and the evidence was overruled and judgment was entered on the verdict. Within twenty-one days the plaintiff filed a written motion to set aside the verdict and enter a final judgment in his behalf, on the grounds (1) that as his sole defense the defendant had relied upon an oral agreement between the parties which was within the statute of frauds in that it was an agreement not to be performed within a year (Code, § 11-2(7)), and (2) that "the only legally" sufficient evidence before the court was that the plaintiff had loaned the defendant the sum of $1,500 which had not been repaid. Upon a full argument of the matter the lower court overruled the motion and adhered to its final judgment in favor of the defendant.

The undisputed evidence is that in the winter of 1956-1957 Glasgow went to the home of Peatross, in Caroline county, and requested Peatross to take him into his home and board and care for him. Peatross replied that his home was not suitable to accommodate him (Glasgow) unless and until he (Peatross) had built an additional room and bath on the house. Glasgow agreed to make Peatross a loan of $1,500, or to advance him that amount, for the purpose of making these improvements. Pending completion of the improvements, Glasgow found board and lodging at the home of Mrs. Barlow who lived about eight or ten miles from the Peatross home.

Peatross testified that at the time of the transaction it was verbally agreed that Glasgow was to be boarded at the Peatross home for fifteen months at the sum of $100 per month, and in this manner the amount advanced was to be repaid. On the other hand, Glasgow testified that while there had been some talk between him and Peat-

ross about such an arrangement, no such definite agreement had been reached. He said that it was agreed that he (Glasgow) would have the option of remaining at Mrs. Barlow's home or moving to the Peatross home, and that pursuant to this agreement he had decided to remain at the Barlow home.

At any rate, in May, 1957, Peatross notified Glasgow that the improvements had been completed and that the room and bath were ready for his (Glasgow's) occupancy. Glasgow replied that he preferred to remain at the Barlow home and declined to move to the Peatross home. He then demanded that Peatross execute and deliver to him a note in the sum of $1,500 evidencing the loan. Peatross refused this request, taking the position that because of Glasgow's breach of the contract to come and board with him, he (Peatross) owed him (Glasgow) nothing. Shortly thereafter the present suit was brought.

The case was submitted to the jury upon instructions to which no objections were taken by either side. At the request of the plaintiff the jury were told that if they believed from the evidence that the plaintiff made a loan of $1,500 to the defendant which had not been repaid, then they should find for the plaintiff. They were further told that even if they believed from the evidence that there was an agreement between Glasgow and Peatross whereby Peatross agreed to furnish room and board for Glasgow, and that Glasgow had not breached this agreement, then they should find for the plaintiff, Glasgow.

The defendant's theory of the case was submitted in instruction "A" which reads thus:

"The court instructs the jury that if you believe from a preponderance of the evidence in this case that the plaintiff and defendant entered into a verbal agreement by which the defendant would make certain repairs and additions to his home and thereafter furnish the plaintiff room and board for a specified sum per month and that the plaintiff advanced the defendant the sum of $1,500 and after said repairs were made the plaintiff refused to move into the defendant's home, then the court tells you that the plaintiff breached his contract, unless the jury further believe that Mr. Peatross later agreed that Mr. Glasgow could stay with Mrs. Barlow and Mr. Glasgow agreed he would stay with Mrs. Barlow, in which event the court tells you Mr. Glasgow did not breach his contract.

"And if you further believe from a preponderance of the evidence

that Mr. Glasgow breached his contract, then the plaintiff is not entitled to recover his $1,500 in full and Mr. Peatross is entitled to the sum of $1,500 less a reasonable value of room and board only for a fifteen-month period."

It is apparent from the verdict that the jury decided the issues of fact in favor of the defendant, Peatross.

The first contention of the plaintiff is that the alleged verbal agreement between the parties is not available to Peatross as a defense because it is within the statute of frauds in that it is an "agreement that is not to be performed within a year." (Code, § 11-2(7).) Consequently, it is argued, instruction "A" is erroneous because it directed the jury to accept the verbal agreement, if proven, as a defense to the plaintiff's claim.

This contention is without merit for it is clear that the agreement was performable by both parties within a year, and hence was not within the statute. According to the weight of authority, the agreement of Peatross to furnish room and board for a fifteen-month period is not within the statute because it is terminable upon the death of Glasgow, an event which might occur within a year. See *Thomas* v. *Armstrong*, 86 Va. 323, 326, 10 S. E. 6, 5 L. R. A. 529, Corbin on Contracts, Vol. 2, § 446, pp. 548, 549; 49 Am. Jur., Statute of Frauds, § 30, pp. 391, 392; 50 Am. Jur., Support of Persons, § 4, pp. 871, 872; 37 C. J. S., Statute of Frauds, § 58, p. 564. Compare, Williston on Contracts, Rev. Ed., Vol. 2, § 496, pp. 1449, 1450.

Glasgow could, of course, make the loan and move into the Peatross home within a year. His agreement to lodge and board with Peatross for the stated period is not within the statute for the same reason that Peatross's agreement to furnish such lodging and board is not.

The next and most serious contention of the plaintiff is that the last paragraph of instruction "A" is confusing and erroneous. In it the jury were told that if they believed from the evidence that the plaintiff, Glasgow, breached his contract, he "is not entitled to recover his $1,500 in full" and the defendant "Peatross is entitled to the sum of $1,500 less a reasonable value of room and board only for a fifteen-month period."

It is manifest that this language is hopelessly confusing. By their verdict the jury have evidently found that the plaintiff, Glasgow, breached his contract when he refused to take up his abode in the

Peatross home. This being so, the jury were told that the plaintiff, Glasgow, was not entitled to recover the $1,500 in full. Next, the jury were told that, in that event, the defendant, Peatross, was entitled to retain the sum of $1,500 "less a reasonable value of room and board" over a fifteen-month period. Since the only evidence of the value of the room and board is $100 per month, or a total of $1,500, agreed upon by the parties, the deduction of that amount from the $1,500 which the defendant, Peatross, was entitled to retain, meant that Peatross would be entitled to nothing. In short, under the language used, there is no intelligible measure of recovery of either party against the other. Nor is the proper measure, under the defendant's theory of the case, found in any other instruction given by the court. Hence, the granting of the instruction in this form was error.

It is true, as the defendant argues, that the plaintiff made no objection to the instruction in the lower court and consequently under Rule 1:8 his present objections "will not be considered by this court except for good cause shown, or to enable this court to attain the ends of justice." But where, as here, the language of the instruction is hopelessly confusing and meaningless, the attainment of the "ends of justice" requires that we consider such objection.

The proper elements of Peatross's setoff or counterclaim for damages against Glasgow which should have been set out in the concluding paragraph of instruction "A" were, (1) the loss of profits, if any, which Peatross would have derived from Glasgow's agreement to board and lodge with him for the fifteen-month period (25 C. J. S., Damages, § 79-b, p. 582), and (2) the reasonable expenses, if any, which Peatross incurred in making his property suitable for occupancy by Glasgow, other than the expenditure of money which increased or enhanced the reasonable value of such property. 15 Am. Jur., Damages, § 137, pp. 545, 546; 25 C. J. S., Damages, § 46, pp. 524, 525.

But even if we take the view that because of his failure to object to instruction "A" in the lower court the plaintiff cannot on this appeal take advantage of the error in that instruction, we find that the judgment should be reversed on the grounds that it is plainly wrong, that the verdict on which it is based is without evidence to support it and is not in accordance with the court's instructions.

Since it is admitted that the plaintiff loaned or advanced the defendant the sum of $1,500 which has not been repaid, the verdict for the

defendant is evidently based on the theory that because of the failure of the plaintiff to lodge and board with the defendant, as he had agreed to do, the defendant has suffered damages equal to the amount of the plaintiff's claim. And yet there is no evidence of what damages, if any, the defendant suffered.

In the next place, the court gave no instruction under which a verdict could properly have been rendered for the defendant. Indeed, during the argument on the motion to set aside the verdict, the court noted that it was "bothered" about "whether the plaintiff under the instruction(s) wasn't entitled to recover something." But, it said, because of the concession of counsel for the plaintiff, that issue was not before it on that argument.

The record shows that during his argument counsel for the plaintiff conceded that aside from the question of the application of the statute of frauds, the verdict of the jury was proper under the instructions given. It is argued on behalf of the defendant that because of this concession or admission in the lower court the plaintiff has "waived" the right to argue to the contrary on this appeal. But it is highly significant that in the order overruling the motion for a new trial it is recorded that the plaintiff had insisted that "The only legally sufficient evidence before the court is that the plaintiff lent the defendant the sum of $1,500 which has not been repaid." Thus, it appears that despite the concession of counsel in the oral argument, he insisted upon the insufficiency of the evidence to sustain the verdict, the very point upon which he here relies.

We have repeatedly held that where the verdict of the jury and judgment of the lower court are plainly wrong, it is the duty of the appellate court to set them aside. 1 Mich. Jur., Appeal and Error, § 271, pp. 693, 694, and cases there cited. Such is the situation here.

For these reasons the judgment is reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed and remanded.*