## Richmond

C. P. Witt, Administrator, Etc. v. Obadiah R. Merricks.

June 16, 1969.

Record No. 6956.

Present, All the Justices.

*John L. Walker, Jr. (James I. Moyer; O. Dalton Baugess; A. L. Philpott; Woods, Rogers, Muse, Walker & Thornton; Philpott & McGhee,* on brief), for plaintiff in error.

*James W. Haskins (R. Reid Young, Jr.; Young, Kiser, Frith & Haskins,* on brief), for defendant in error.

I'Anson, J., delivered the opinion of the court.

Obadiah R. Merricks, plaintiff, instituted this action against John

Taylor Brown to recover damages for personal injuries suffered as a result of the alleged negligence of Brown in the operation of his automobile. Brown died prior to trial, and C. P. Witt, the duly appointed administrator of his estate, was substituted as the party defendant in Brown's stead. A jury trial resulted in a verdict for the plaintiff in the amount of $40,000. Judgment was entered on the verdict and defendant is here on a writ of error.

Defendant contends that the trial court erred (1) in granting instruction A; and (2) in rereading and commenting upon portions of the instruction at the request of the jury.

The accident which caused plaintiff's injuries occurred at approximately 10 a.m. on September 26, 1965, on U. S. route 220 in Henry county, Virginia. At the point of collision route 220 is a two-lane highway running north and south. Plaintiff, who had been traveling south, had stopped his vehicle behind a long line of southbound traffic. The defendant's decedent, Brown, while operating his car north on the same highway, cut into the southbound lane of travel and struck the plaintiff's automobile as it was stopped in its proper lane.

Following the accident Brown was slumped over the steering wheel of his car and his body was "jerking." His eyes were glassy and he had a far-away look. He was perspiring heavily and saliva was running out of his mouth.

Brown was taken to the emergency room of Martinsville General Hospital where he was seen by Dr. D. S. Camden. The doctor testified that when he saw Brown he was of the opinion that he was recovering from an epileptic seizure.

There was evidence that Brown had been an epileptic for some two-and-a-half years prior to the accident and was taking daily medication to control this condition.

Instruction A told the jury that Brown was guilty of negligence as a matter of law; that if they believed from the evidence that "Brown was, just prior to the collision, suddenly stricken with an unforeseen epileptic seizure which he had no reason to anticipate, this would excuse * * * [him] of his negligence"; that "the burden is upon him [defendant] to prove not only the sudden epileptic seizure but also that it was unforeseen, and that he had no reason to anticipate it, and that it caused him to lose control of the automobile"; and that if the defendant "fails to prove all these things, then he cannot rely upon a sudden epileptic seizure as a defense in this case."

We agree with the defendant that the instruction was incorrect for the following reasons: (1) It told the jury that Brown was guilty of negligence as a matter of law. Whether Brown was guilty of negligence presented a factual question for the jury to determine, not one of law for the court. (2) It propounded a theory of excusable negligence. There is no legal principle in Virginia which grants a negligent defendant immunity from liability if he can prove his negligence was excusable. He is either chargeable with negligence or he is not. In *Brinser* v. *Young*, 208 Va. 525, 526, 158 S. E. 2d 759, 761 (1968), we said that where the driver of an automobile is stricken with a sudden illness with no prior warning and which he had no reason to anticipate, which renders it impossible for him to control the vehicle, he is not chargeable with negligence. (3) It placed the ultimate burden of proof on the defendant. The burden of proof is always on the plaintiff to prove his case, and this burden never shifts. When the plaintiff makes out a prima facie case, which he had done here, it is the duty of the defendant to go forward with the evidence. *Darden* v. *Murphy*, 176 Va. 511, 514, 11 S. E. 2d 579, 580 (1940); *Interstate Veneer Co.* v. *Edwards*, 191 Va. 107, 114, 60 S. E. 2d 4, 8, 23 A.L.R. 2d 532 (1950).

However, plaintiff says that the defendant did not object and note an exception to the instruction in the court below, and under the provisions of Rule 1:8 and our decisions he waived his objections and should not be permitted for the first time on this appeal to contend that the instruction was erroneous.

The record shows that before granting instruction A the trial court asked the three attorneys participating in the defense of the case, individually, if there were any objections. Only one of the attorneys responded, and he said:

> "For the record I would like to say regarding Instruction A that the burden is upon the Defendant to establish by affirmative proof that he had this condition, or that he had a sudden or unanticipated illness, but I still think the latter part of that tells the jury that the defense is no good. It's the same thing. What I'm saying is, the burden is upon the defendant."

It appears from the statement of counsel that he agreed with the language of the instruction "that the burden is upon the Defendant to establish by affirmative proof that he [Brown] had this condition,

or that he had a sudden or unanticipated illness." This conclusion is strengthened by the further statement, "but I still think that the latter part of that tells the jury that the defense is no good." Moreover, we do not perceive any words in the instruction which tell the jury that the defense of "sudden or unanticipated illness" is "no good." On the contrary, the instruction told the jury that they should consider defendant's defense in arriving at their verdict.

It is perfectly manifest that counsel's statement does not set out with "reasonable certainty" any of the grounds he now claims as objections to instruction A, in compliance with Rule 1:8. Indeed, what was said by counsel cannot be construed as an objection properly made and an exception taken to the ruling of the court. We have repeatedly said that an objection to a ruling of the trial court must be made and an exception taken at the time the occasion arises, otherwise the objection is waived. *Zayre, Inc.* v. *Gowdy*, 207 Va. 47, 52, 147 S. E. 2d 710, 714 (1966); *Gaumont* v. *Highway Commissioner*, 205 Va. 223, 225, 135 S. E. 2d 790, 791 (1964); *Daniels* v. *Morris*, 199 Va. 205, 213, 214, 98 S. E. 2d 694, 700 (1957).

Counsel for the defendant further says that even if the objection to the instruction was inadequate, it should now be considered under the exception permitted by Rule 1:8 to "attain the ends of justice." He relies on our holding in *Glasgow* v. *Peatross*, 201 Va. 43, 109, S. E. 2d 135 (1959), where it was said:

"It is true, as defendant argues, that the plaintiff made no objection to the instruction in the lower court and consequently under Rule 1:8 his present objections 'will not be considered by this court except for good cause shown, or to enable this court to attain the ends of justice.' But where, as here, the language of the instruction is hopelessly confusing and meaningless, the attainment of the 'ends of justice' requires that we consider such objection." 201 Va. at 47, 109 S. E. 2d at 138.

Although certain principles of law were incorrectly stated in instruction A, it clearly presented defendant's theory of the case, which was the primary issue before the jury, and was not hopelessly confusing and meaningless. The jury was told that if they believed "that just prior to the collision he [Brown] suffered or was stricken with an unforeseen epileptic seizure which he had no reason to anticipate and which caused him to lose control of his automobile," they should

find for the defendant. Thus the attainment of the "ends of justice" does not require us to consider the objections that were pointed out for the first time in this court.

The remaining question is whether the trial court erred in rereading and commenting upon portions of instruction A.

After the jury had retired and deliberated for a period of time they returned to the courtroom and asked the court whether "the defense must prove that the defendant did have the seizure prior to the accident." The court thereupon reread those portions of instruction A dealing with defendant's defense and his burden of proving it, and then commented, "The burden is upon the defendant, John Taylor Brown, to prove that the seizure, if there was a seizure, occurred prior to the collision."

The defendant argues that in rereading only portions of instruction A the court prejudiced his case, because it had the effect of emphasizing only a part of the evidence; and that when the trial court said "if there was a seizure," it could have been construed by the jury to mean that the court did not think an epileptic seizure had occurred.

In dealing with this contention it must be kept in mind that the propriety of instruction A cannot be considered because of counsel's failure to save the point.

In *Hebner* v. *Sullivan*, 194 Va. 259, 265, 72 S. E. 2d 689, 692 (1952), we had the occasion to review a discussion between a trial court and a jury resulting from a question by a juror to the trial court after the jury had retired to deliberate. There we said, quoting from *Williams* v. *Commonwealth*, 85 Va. 607, 609, 8 S. E. 470, 471 (1889), that " 'It was, however, proper for the court to fully and completely respond to inquiry which might come from the jury for information touching their duties; and if this was done, and correctly done, then neither side had any valid right to demand more.' "

In the present case the trial court did nothing more than correctly and fully respond to an inquiry from the jury by rereading the relevant portions of instruction A. It cannot be seriously argued that the trial court should have responded to the specific question from the jury with a reading of parts of the instruction not bearing on the inquiry propounded.

We do not agree with defendant's argument that the trial court implied that it felt no seizure had occurred when it commented to the jury that "The burden is upon the defendant, John Taylor Brown, to prove that the seizure, if there was a seizure, occurred prior to

the collision." The comment of the trial court was nothing more than a reiteration of the portion of instruction A which required the defendant to prove that Brown did indeed suffer a seizure prior to the collision.

For the reasons stated, the judgment of the court below is

*Affirmed.*