## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Hazel A. Boyd

    v.

James H. Young, Sheriff,
Administrator of the Estate of
Jessie D. Harvey, deceased

December 30, 1970

By JUDGE A. CHRISTIAN COMPTON

This case is now before the Court on the defendant's motion [to set aside the verdict], renewed following the hung jury pursuant to Rule 1:11. The defendant argues that there is no conflict in the evidence which shows as a matter of law that the defendant's decedent immediately before the accident, was suddenly stricken by a blackout spell which she had no reason to anticipate and that such condition caused the collision and the resulting damages to the plaintiff. The defendant relies on the evidence of his decedent contained in her written statement received as defendant's exhibit 1. Therein she states, in part, that:

> I was driving this car home from Dr. Reese's office when I was involved in an automobile accident in the 2900 block of Chamberlayne Avenue. I had been to get shot for my bronchial condition. . . all of a sudden everything went blank and I remember nothing for a few seconds. Then I remember being right on top of the car in front of me and I could do nothing to avoid hitting it. I did not have time to apply brakes

. . . I told the police officer at the scene that I went blank and did not remember anything before the accident. . . the only thing I can think that might have caused me to black out is that I have been taking numerous drugs recently to combat my bronchial condition. I have never had any reaction to these shots before, but I don't know of anything else that could have caused this . . . .

The defendant points out that this testimony of his decedent is corroborated by the testimony of the plaintiff wherein she states that "I think she said she had been sick. . . she did say she had been to the doctor." He also asserts that the testimony of the witness Finn corroborates that of his decedent wherein Finn states that immediately after the accident "she said she had been to the doctor and the doctor gave her a needle and she blanked out."

When the plaintiff showed by the evidence that the car which she was driving was struck from the rear while stopped, or nearly stopped, she made out a *prima facie* case of negligence, and the burden of going forward with the evidence on the issue of negligence shifted to the defendant. *Watford* v. *Morse*, 202 Va. 605, 607 (1961). See also *Witt* v. *Merricks*, 210 Va. 70, 72 (1969); *Brinser* v. *Young*, 208 Va. 525, 527 (1968); *Driver* v. *Brooks*, 176 Va. 317, 328 (1940); and *Darden* v. *Murphy*, 176 Va. 511, 514 (1940).

At this point, the meaning of the words *prima facie* should be reviewed.

*Prima facie* evidence is evidence which on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted. It imports that the evidence produces for the time being a certain result, but that the result may be repelled. *Babbitt* v. *Miller*, 192 Va. 372, 380 (1951).

Since a *prima facie* case of negligence was made out against the defendant, the defendant was then required to produce evidence to explain why she had not stopped

prior to striking the vehicle of the plaintiff. Unless the evidence in support of the explanation is such that reasonable men could not differ that the defendant's decedent was free of negligence, then it is for the jury to say from all the evidence including the presumption whether or not the collision could have been foreseen, anticipated or avoided in the exercise of reasonable care. *Pullen* v. *Fagan*, 204 Va. 601, 604 (1963). It is only when "the defendant's evidence is of such a character to establish *conclusively* its freedom from negligence" (italics supplied) does the question of liability become one for the Court. Otherwise, such question is one for the jury under all of the circumstances of the case. *Andrews* v. *Appalachian Electric & Power Co.*, 192 Va. 150, 156 (1951); *Stephens* v. *VEPCO*, 184 Va. 94, 101 (1945). See also 13 Wash. & Lee L. Rev. 99, 103 (1956).

The evidence of the defendant here fails to conclusively establish freedom from negligence. As the plaintiff points out, the evidence in this case is that the defendant's decedent, age 63, had been suffering from a physical disability for which she had been taking numerous drugs "recently." She was en route home at the time of the accident from a doctor's office where she had just received an injection for her condition. The evidence is silent as to whether or not she had been warned by the physician that she could expect to "black out" as a result of a reaction to the injection. The evidence is silent upon the question of whether or not, in view of her physical condition and the other medication she had been taking, a reaction to the injection was likely to occur.

A *prima facie* case of negligence having been established by the plaintiff, it was for the jury to say under these facts whether or not the blackout spell could have been anticipated in the exercise of reasonable care.

The defendant relies upon *Brinser*, however, the facts of that case can be distinguished from the facts here. In the first place, the Court of Appeals based its decision, in part, upon the fact that the defendant had been called as an adverse witness by the plaintiff to prove his case and the plaintiff was there bound by such of the defendant's testimony that was clear, reasonable and uncontradicted. 208 Va. at 527. In that case, there was no evidence that the defendant had been taking medica-

tion, or that he knew, or had any reason to know, that he was on the verge of having diabetes, which was the diagnosis of the cause of his sudden illness made following the accident. Here, the only evidence as to the cause of the blackout was from the defendant's decedent who said that "the only thing I can think that might have caused me to black out" is that she had been taking drugs recently. In *Brinser* the cause of the blackout was definitely established by the plaintiff's own evidence whereas here the cause of the blackout is merely assumed by the defendant's decedent.

For these reasons, the Court is of the opinion that it did not err in denying the defendant's motion to strike the plaintiff's evidence made during the trial and, therefore, the Court overrules the said motion made after the hung jury.