# Richmond

DOROTHY BIAS MYERS v. PAUL N. SUTTON.

June 12, 1972.

Record No. 7813.

Present, Snead, C.J., I'Anson, Harrison, Cochran and Harman, JJ.

*Edward L. Breeden, III* (*Breeden, Howard & MacMillan,* on brief), for plaintiff in error.

*W. Leigh Ansell* (*Ansell, Butler and Canada,* on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

Paul N. Sutton brought an action against Dorothy B. Myers to recover for personal injuries he received when Mrs. Myers crashed her automobile into the office of his service station. A jury trial was had which resulted in a verdict for Sutton in the sum of $6,000.

Judgment was entered in accordance with the verdict. Upon Mrs. Myers' petition, we granted her a writ of error.

Mrs. Myers contends there was no competent evidence upon which a jury could find that she was negligent. She also contends the court erred in admitting certain evidence and in granting Instructions Nos. 4 and 5.

The pertinent facts may be briefly stated as follows: On March 31, 1970, at about 6:00 p.m., Sutton was at his desk in the office of his service station located on Virginia Beach Boulevard. He heard a car enter the station area and "rev up." Sutton sent one of his employees to "see what was happening." Suddenly he realized the car was moving toward the building, and in an effort to avoid injury he ran out the side door and into the "lube room." The car crashed into the office and knocked the side door off its hinges. Sutton was injured when he was struck by the falling door.

Officer G. W. Doyle of the Virginia Beach Police Department investigated the accident. When he arrived on the scene, Mrs. Myers was still in the car, thrashing about in the front seat, speaking incoherently and salivating. Because of her behavior, it was necessary to handcuff her, and the rescue squad that took her to the hospital had to strap her to the stretcher. Mrs. Myers suffered head injuries that required stitches.

Doyle found a partially consumed can of beer on the floor under the driver's seat. He also testified that Mrs. Myers had an odor of alcohol on her breath. At the trial Mrs. Myers denied drinking any alcohol, and her husband testified that either he or their son left the beer can in the car.

Mrs. Myers was called by Sutton as an adverse witness. She had virtually no recollection of the accident, except that she remembered turning off Virginia Beach Boulevard into the station area and passing out.

Mrs. Myers claimed she was stricken by a sudden illness that she had no reason to anticipate. Much testimony was given concerning her prior medical history, and that testimony, suffice it to say, was in conflict with regard to the question of unanticipated illness.

Mrs. Myers objected to the admission of Officer Doyle's testimony that she had an odor of alcohol on her breath, and that he found a partially consumed can of beer under the driver's seat of her car. She contends this evidence was irrelevant. We do not agree. Although this evidence alone is not sufficient to prove intoxi-

cation, *Hill* v. *Lee*, 209 Va. 569, 572, 166 S.E.2d 274, 276 (1969), it is relevant, coupled with the other facts and circumstances, to show Mrs. Myers' physical condition at the time of the accident.

We find that the evidence in this case, which has been stated in the light most favorable to Sutton, was sufficient to warrant a finding by the jury that Mrs. Myers was guilty of negligence that proximately caused Sutton's injury.

We next consider whether the court erred in granting Instruction No. 4.

Instruction No. 4 reads:

> "Where the driver of an automobile relies upon sudden illness in an attempt to explain her conduct, the burden is upon her to prove not only the sudden illness but also that she had no reason to anticipate it and that it caused her to lose control of the automobile, and if she fails to prove all of these things then she cannot rely upon sudden illness as a defense."

Mrs. Myers contends this instruction is erroneous because it shifted the ultimate burden of proof to her. We agree. The burden of proof in a negligence case is always on the plaintiff and this burden never shifts. When a plaintiff makes out a prima facie case, as Sutton had done here, it is the defendant's duty to go forward with the evidence. *Witt* v. *Merricks*, 210 Va. 70, 72, 168 S.E.2d 517, 518 (1969). In *Witt*, a case also involving sudden illness, we said that the instruction on sudden illness was incorrect for three reasons, one of which was that the instruction said, "the *burden* is upon him [defendant] to prove not only the sudden epileptic seizure but also that it was unforeseen, * * *." [Emphasis added.] 210 Va. at 71, 168 S.E.2d at 518.

The instruction on damages (No. 5) told the jury, among other things, that they may consider "[a]ny doctors, hospital and medical expenses incurred in the past" if they believed such expenses resulted from the collision. Mrs. Myers objected to this part of the instruction on the ground that the jury could not tell from the evidence which portion of these expenses were related to the accident. It is true that Sutton's doctor also treated Sutton for conditions not related to the accident and that the doctor could not say what portion of his bill was for treatment of his injuries resulting from the accident. But no objection was made at the time this evidence was introduced.

Mrs. Myers' objection is not really directed to the instruction, but rather it is directed to the admissibility of the evidence concerning medical expenses. Such objection should have been made at the time the evidence was introduced. Hence, we will not consider it.

Because Instruction No. 4 was erroneous, the judgment appealed from will be reversed and the case remanded for a new trial.

*Reversed and remanded.*