Lee W. PADGETT, Appellant,

v.

GENERAL MOTORS CORPORATION, a Delaware Corporation, Appellee.

No. 75–1417.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1975.
Decided Sept. 22, 1976.

Thomas P. Mains, Jr., Alexandria, Va., Philip S. Marstiller, Richmond, Va. (Archie O. Wells, Richmond, Va., on brief), for appellant.

Thomas G. Slater, Jr., Richmond, Va. (E. Milton Farley, III, James E. Farnham, Jack E. McClard, Hunton, Williams, Gay & Gibson, Richmond, Va., on brief), for appellee.

Before RUSSELL and WIDENER, Circuit Judges, and WATKINS, Senior District Judge.*

PER CURIAM:

Lee Padgett appeals from a jury verdict in favor of General Motors in his products liability action. Padgett alleged that because of defects in the engine restraining system of the 1969 Chevrolet in which he was a passenger, the Chevrolet went out of control and ran into a utility pole, rendering him a permanent paraplegic. We affirm the judgment of the district court.

Padgett has assigned as error, among other claims, that the trial court refused to permit the introduction into evidence of entire depositions, and admitted evidence of drinking by Padgett and Stockner (the driver) prior to the accident.

General Motors denies that it actually introduced part of the deposition into evidence, and argues that FRCP 32(a)(4) does not apply to permit the introduction of the entire document. We need not reach this question because we find that the court's ruling did not prejudice Padgett, as he was free to explain on recall his prior statements in the deposition. He was also free to recall Stockner for the same purpose. Had this procedure been followed, he could have laid the foundation for any further testimony based on facts different from those assumed by General Motors.

Evidence adduced at trial showed that Padgett and Stockner had consumed some alcoholic beverages within four hours before the accident. As this evidence of drinking could have been relevant to the perceptive abilities of Padgett and Stockner, both of whom testified about the accident at trial, we find that the trial court did not abuse its discretion in admitting this evidence. See *Myers v. Sutton*, 213 Va. 59, 60–61, 189 S.E.2d 336 (1972).

We have examined the other claims and find they do not constitute reversible error. The judgment of the district court is accordingly

*AFFIRMED.*

* United States District Court for the District of Maryland, sitting by designation.