846 F.2d 73
 25 Fed. R. Evid. Serv. 862
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John E. SMILEY, Plaintiff-Appellant,
v.
ECONOMY FORMS CORPORATION, Construction Products
Corporation, Defendants- Appellees.
 No. 87-3723.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1988.
Decided May 12, 1988.
 
 George Garland Joyner, III for appellant.
 F. Bradford Stillman (Robert W. McFarland, McGuire, Woods, Battle & Boothe on brief) for appellees.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 John Smiley, a carpenter for Tidewater Construction Co., was severely and permanently injured when he fell approximately fifty feet from the wall of a nuclear repair facility under construction at the Norfolk Naval Shipyard in Portsmouth, Virginia. Prior to his fall, Smiley had been securing steel concrete forms by placing metal pins through holes in forms on the inside of the wall and connecting them to corresponding forms on the opposite side of the wall. As he worked, Smiley wore a safety belt secured to the "#6 piece of a rebar" on the form and a lanyard hooked into three-eighth inch holes in the forms. Smiley had apparently unhooked his safety equipment to climb down from the wall when he fell.
 
 
 2
 Smiley brought a products liability action against Economy Forms Corp., which leased the forms to Tidewater, and Construction Products, Inc., which manufactured the forms based on a design provided by Economy Forms. The case was tried before a jury in the United States District court for the Eastern District of Virginia. Following a four day trial, the jury returned a verdict in favor of the defendants.
 
 
 3
 Smiley now appeals several of the district court's evidentiary rulings and the district court's rejection of specific jury instructions tendered by the plaintiff. Because we find no error in the court's rulings and are satisfied that the proceedings were consistent with substantial justice, we affirm the judgment of the district court.
 
 I.
 
 4
 We find no merit to appellant's contention that he was prejudiced by several of the district court's rulings excluding various pieces of evidence. The admissibility of evidence is a matter committed to the sound discretion of the trial judge who has heard the testimony and knows the context in which the evidence is being offered. Reed v. Tiffin Motor Homes, Inc., 697 F.2d 1192, 1199 (4th Cir.1982). Even if the evidentiary rulings were erroneous, the jury's verdict will not be set aside unless a substantial injustice would result. Fed.R.Civ.P. 61; see Padgett v. General Motors Corp., 544 F.2d 704, 705 (4th Cir.1976).
 
 
 5
 When viewed in the context of the trial as a whole, the evidentiary rulings in this case are entirely consistent with substantial justice. The trial lasted for four days. Smiley had ample opportunity to present his case. Three witnesses testified for the defendants and eighteen for the plaintiff. The excluded evidence was either cumulative or of limited relevance to the issues in the trial.
 
 
 6
 Among the evidence alleged to have been improperly excluded was that of defendant's admitted awareness that other persons had fallen from its forms. Evidence of prior falls is relevant to show notice of a dangerous condition only if the circumstances of the prior incidents were similar to those involved in plaintiff's fall. Plaintiff failed to demonstrate that the incidents were similar, and defendant's statement denied any such similarity. The evidence was therefore properly excluded. The testimony of Smiley's supervisor concerning the conditions on the wall where Smiley was working on the day prior to his fall was also properly excluded. Since plaintiff provided no foundation to establish how these earlier conditions related to Smiley's fall, the court properly limited testimony to conditions existing at the time and place of the fall at issue. Finally, the court properly limited the testimony of plaintiff's expert witness to standards for fall protection within the concrete form industry and refused to permit testimony about OSHA and ANSI requirements. Because OSHA standards are applicable only to employers, they are irrelevant to the liability of defendants, the manufacturer and lessor of the forms. See 15 U.S.C. Secs. 651(b); 654; Skidmore v. Travelers Ins. Co., 356 F.Supp. 670, 672 (E.D.La.) aff'd 483 F.2d 67 (5th Cir.1973).
 
 
 7
 We find appellant's remaining assignments of error regarding the exclusion of evidence to be similarly without merit.
 
 II.
 
 8
 Finally, Smiley contends that the district court erroneously rejected several specific jury instructions that he had proffered to the court. The court's charge to the jury addressed, inter alia, the standard of care and duties owed by manufacturers, designers, and lessors of products, as well as the law of contributory negligence, assumption of risk, and burdens of proof. The instructions, taken as a whole, "fairly and adequately state the pertinent legal principles involved" in the case, and do not warrant a reversal of the jury's verdict. Chavis v. Finnilines Ltd. O/Y, 576 F.2d 1072, 1076 (4th Cir.1978).
 
 
 9
 For the foregoing reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.