## CIRCUIT COURT OF THE CITY OF NORFOLK

Aristine Young

v.

Willie Butler
and Yellow Cab, Inc.

May 6, 1987

Case No. (Law) L-86-967

By JUDGE THOMAS R. McNAMARA

In this action the evidence was uncontradicted that the defendant cab driver while transporting the plaintiff, his paid fare, was eating an apple. He began coughing and choking and was asked by the plaintiff if he was "okay," to which he replied affirmatively and continued to drive normally until his choking on the apple caused him suddenly to black out. Thereupon, he lost control of his cab which left the road and struck a building. Plaintiff's evidence indicated that the driver's choking and coughing had persisted for some time and continued through his stopping at a stop sign where traffic was clear and then proceeding on for a couple of blocks before it affected his driving. Nothing prevented him from remaining stopped at the stop sign or pulling over at any time prior to becoming disabled.

Defendants now move to set aside plaintiff's verdict for $400,000.00 and to enter final judgment, or in the alternative, to grant a new trial, which motion is overruled.

The Supreme Court of Virginia has held that as a matter of law a driver is not guilty of any negligence if the uncontradicted evidence is that the driver "suddenly, with no prior warning, and no reason to anticipate it, became ill, lost consciousness, and thereafter had no

control of his car." *Brinser v. Young*, 208 Va. 525, 527 (1968).

Such is not the case here. Whether the mere act of eating while driving a taxi would constitute evidence of a failure to exercise the "highest degree of practical care" owed under the circumstances (*see* Instruction No. 5) need not be considered. The jury question in this case is whether continuing to drive while eating and experiencing difficulty in swallowing, to the extent that coughing and choking continues over an extended time and distance, without taking any available precautions against the eventuality of impaired driving constitutes a violation of such duty. This issue was framed for the jury in the following instructions:

### Instruction No. 6

If you believe from the evidence that just prior to the accident the defendant, Mr. Butler, suffered unconsciousness of which he had prior warning and reason to anticipate, and which caused him to lose control of his vehicle, then he was negligent and you shall find your verdict in favor of the plaintiff.

### Instruction No. 7

The court instructs the jury that if you believe from the evidence that just prior to the accident Mr. Butler, without prior warning, suffered unconsciousness which he had no reason to anticipate and which caused him to lose control of his vehicle, then you shall find your verdict in favor of the defendants, and the plaintiff cannot recover against them.

These instructions were perhaps more favorable to the defendants than necessary in that they refer to "unconsciousness." Continuing to drive a taxi with "prior warning" and "reason to anticipate" *any impairment* would probably violate the duty of a common carrier. There was ample evidence to support the finding of both negligence and causation.

Objections to closing arguments made for the first time after receiving the verdict came too late. No other grounds are stated. Accordingly, defendants' motion will be overruled and judgment entered on the verdict, noting defendants' exceptions.