# Richmond

PAUL BRINSER v. CHARLES G. YOUNG.

January 15, 1968.

Record No. 6527.

Present, All the Justices.

*G. Kenneth Miller* (*May, Garrett, Miller and Newman*, on brief), for plaintiff in error.

*Jack R. Clanton* for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Charles G. Young, plaintiff, brought this action for damages against Paul Brinser, defendant, alleging that the plaintiff's automobile "was parked on Belt Boulevard [in the city of Richmond] and the defendant negligently struck plaintiff's automobile, said negligence caused plaintiff property damage, loss of income, depreciation of his automobile and rental expenses for a vehicle." A jury was waived and after hearing the evidence the court found for the plaintiff, fixed his damages at $866.64 and entered judgment for the plaintiff in that amount. We granted defendant a writ of error to consider his contention that the plaintiff failed to establish any negligence.

To establish a right to recover plaintiff called defendant as an adverse witness, Code § 8-291, and defendant's testimony was the only testimony as to how the accident happened. It was as follows:

Defendant was sixty-five years old at the time of the accident and was a director in a Richmond bank. In the afternoon of January 2, 1965, he had finished his business and was driving home in his automobile, going north on Belt Boulevard and expecting to turn right on Forest Hill avenue at a filling station. When he was approximately 150 feet from the plaintiff's car, which he was afterwards told was parked beyond the filling station, but which he never saw, he "got sick quick, like a seasickness," vomited immediatley, and that was about all he remembered other than he remembered the crash.

Defendant thought he lost consciousness after this sickness struck him. He did not remember how long he was unconscious and did not remember being taken to a hospital. He had no recollection between the time he became suddenly ill and vomited and the time he was in the hospital. He remained in the hospital about thirty days. He was there told that "sugar in my blood was beginning to foul up" and he came very near having diabetes but did not. He was put on a special diet, which he had been on ever since and had lost sixty pounds. He was still under the doctor's care at the time of the trial.

Asked about how fast he was driving prior to the time of the accident, he said he did not think it was near the speed limit as he was getting ready to turn and that was about all he remembered of it, but he would say it was as much as twenty-five miles an hour but "I just don't know." He did not remember whether he applied his brakes.

He testified that he had never had a similar attack before in his life, and had not had one since.

The plaintiff, Dr. Young, testified that in response to a telephone call from his wife he went to the scene of the accident and found his car sitting half on the sidewalk and half off. The defendant was then in the filling station sitting in a chair with a doctor present. Defendant then appeared to be ill, tried to get up out of the chair and the doctor was trying to make him stay in it. He did get up but apparently got sick and had to sit back down.

In order to recover for the damage to his automobile the plaintiff must prove negligence on the part of the defendant. *Cf. Canupp* v. *Wade*, 205 Va. 850, 140 S.E.2d 659. Plaintiff accordingly charged in his motion for judgment that the defendant negligently caused his damage.

[1] In *Driver* v. *Brooks*, 176 Va. 317, 327, 10 S.E.2d 887, 892, we cited the case of *Cohen* v. *Petty*, 62 App. D.C. 187, 65 F.2d 820, as authority for the principle that "where the driver of an automobile is suddenly stricken by an illness, which he has no reason to anticipate and which renders it impossible for him to control the car, he is not chargeable with negligence. In that case, there was positive evidence that the driver of the car, who did not know and who had no reason to think he would be subject to a fainting attack, suddenly called out that he was feeling sick. He immediately fainted, his head fell back, and his hands left the wheel. It was held that he was not liable for the subsequent uncontrolled motion of his car causing a collision."

That principle was held not to be applicable in *Driver*, however, because there was no affirmative evidence that Johnson, driver of the car alleged to have caused plaintiff's injuries, suffered a fainting spell prior to the collision, and it was not shown whether Johnson's actions were due to drowsiness, to carelessness or to a fainting spell.

In *Cohen* v. *Petty*, *supra*, the court said:

"It is undoubtedly the law that one who is suddenly stricken by an illness, which he had no reason to anticipate, while driving an automobile, which renders it impossible for him to control the car, is not chargeable with negligence. * *" 65 F.2d at 821.

In 28 A.L.R.2d 12, in an annotation on the subject of illness, etc., of the driver of a motor vehicle as affecting liability for injury, it is stated at page 35 that by the great weight of authority fainting or momentary loss of consciousness while driving is a complete defense to an action based on negligence if such loss of consciousness was not foreseeable. Among the cases listed, *Driver* v. *Brooks*, *supra*, was cited as recognizing this general principle.

[2] In the present case there was no conflicting testimony as to the cause of the collision. The evidence on the subject was that given by the defendant to the effect that he suddenly, with no prior warning, and no reason to anticipate it, became ill, lost consciousness, and thereafter had no control of his car. Having called the defendant as a witness to prove his case, the plaintiff is bound by the defendant's testimony when, as here, it is clear, reasonable and uncontradicted. *Boyd* v. *Brown*, 192 Va. 702, 708-9, 66 S.E.2d 559, 563; *Crabtree* v. *Dingus*, et al., 194 Va. 615, 622, 74 S.E.2d 54, 58; *Hailey* v. *Johnson*, 201 Va. 775, 778, 113 S.E.2d 664, 666.

It follows that the evidence fails to establish that the damage to the automobile was caused by the negligence of the defendant and, therefore, the plaintiff was not entitled to have compensation from the defendant.

The judgment appealed from is accordingly reversed and final judgment for the defendant will be entered here.

*Reversed and final judgment.*