## Staunton

OLIVER A. HOLBERT, III, AN INFANT, ETC. V. FRANKIE JEANETTE EVANS.

September 6, 1968.

Record No. 6730.

Present, All the Justices.

*F. Thompson Wheeler, II* (*Wheeler and Michalos*), for plaintiff in error. Submitted on brief.

*E. Ralph James, Jr.* (*James, Richardson and James*), for defendant in error.

CARRICO, J., delivered the opinion of the court.

Oliver A. Holbert, III, an infant four years of age, by his mother and next friend, Catherine Holbert, the plaintiff, filed a motion for judgment against Frankie Jeanette Evans, the defendant, seeking to recover damages for personal injuries sustained by the infant plaintiff when he was struck, while a pedestrian, by an automobile allegedly being operated in a negligent manner by the defendant.

A jury trial resulted in a verdict in favor of the defendant. The verdict was approved by the trial court, and the plaintiff was granted a writ of error.

Under familiar rules, the evidence will be stated in the light most favorable to the defendant since she was awarded the jury's verdict.

The accident occurred at approximately 3:30 p.m. on May 2, 1965, a Sunday afternoon, in the middle of a block of West Queen Street in the city of Hampton. West Queen Street runs east and west, is 34 feet wide, and is straight and level.

The defendant was proceeding in a westerly direction on West Queen Street, en route home from her employment as a nurse at Kecoughtan Veterans Hospital. She was operating her vehicle at a speed of 20 to 23 m.p.h. in a 25-mile zone as she approached two apartment buildings located on the south side of the street, to her left. Two large bushes growing in a yard just east of the apartment buildings obstructed her view, and when she passed the bushes, she observed a group of children playing "on the side of . . . the first apartment going west." She applied her brakes and slowed down and "was watching the kids playing" when "all of a sudden there was a blur." She saw a "little boy running real fast, right in front" of her car. She "slammed on brakes and pulled . . . over to the right" and brought her vehicle to a stop. The infant plaintiff, who had broken away from the group of children playing near the apartment building, was struck and thrown to the pavement.

The plaintiff contends that the trial court erred in admitting certain testimony of Robert Baker, a city policeman who investigated the accident.

The plaintiff first called the defendant as an adverse witness and had her detail the manner in which the accident occurred. Officer Baker was then called as a witness by the plaintiff and through him was admitted into evidence a diagram showing the physical layout of the scene of the accident, the position of the infant plaintiff

where he came to rest on the street after being struck, the location of the defendant's vehicle after the accident, and the presence of 42 feet of skid marks leading to the defendant's vehicle. The officer also identified several photographs he had made of the scene and of the defendant's vehicle, which were admitted as exhibits.

On cross-examination, Officer Baker was asked if the defendant had made a statement to him. He replied that the defendant had stated that she "saw a little boy running into the path of [her] car"; that she had applied her "brakes and turned to the right to avoid him"; and that "then [her] car struck him."

Officer Baker was then asked this question:

"Was the statement that [the defendant] gave you then compatible or did it fit in with your physical findings at the scene of the accident in a manner that you have drawn this automobile facing somewhat to the right and the projected skid marks?"

Over the objection of the plaintiff, the officer was permitted to reply, "Yes."

The plaintiff argues that by admitting the officer's affirmative answer to the quoted question, the trial court improperly permitted the witness "to state his opinion or conclusion as to the compatibility of the statement of the defendant with the physical findings at the scene of the accident."

We believe that the question was improper and that the plaintiff's objection to it should have been sustained because it called for the expression of an opinion concerning a subject upon which the jury was as competent to pass judgment as the witness. *Atlantic Coast Line* v. *Caple*, 110 Va. 514, 519, 66 S. E. 855, 857 (1910).

However, the admission of the officer's affirmative answer was, in our view, an innocuous thing. We fail to see how the jury could have been misled thereby, especially since the defendant had already testified, at the behest of the plaintiff, as to the manner in which the accident occurred, and the jury was free to decide whether her sworn testimony differed from her unsworn statement to the officer and from the physical facts. To the extent that the admission of the disputed testimony was error, we hold that it was harmless error. *Jordan* v. *Taylor*, 209 Va. 43, 48-49, 161 S. E. 2d 790, 793-794.

The plaintiff next contends that the trial court erred in granting, at the request of the defendant, Instruction F, which stated that

"Virginia law recognizes that some accidents are unavoidable" and that if the jury believed the accident in question to be "unavoidable as to the defendant," its verdict should be for the defendant. The plaintiff objected to the instruction, not as to form, but on the ground that "this is not an unavoidable accident case" because "there is evidence from which the jury can properly conclude that the defendant was responsible for this accident."

In his appellate brief, the plaintiff takes a somewhat different tack, urging us to limit the granting of unavoidable accident instructions to "those cases where the cause of the accident is something beyond the control of those involved in it . . . such as unanticipated illness or unanticipated mechanical failure." That this should be done, the plaintiff says, "can be seen" from our own prior decisions and those in other jurisdictions.

We have dealt with the subject on a number of occasions:

In *Ball* v. *Witten*, 155 Va. 40, 47, 154 S. E. 547, 549 (1930), involving the death of a five-year-old pedestrian, we held that it was error to grant an instruction which told the jury it should find for the defendant if it believed that he was driving his automobile in a lawful manner and without negligence and that the injury to the child could not have been avoided. We said that the "instruction was not applicable to the facts and circumstances of the case" because the defendant saw the deceased and several other children in the road about 350 or 400 feet in front of him, was alerted to the danger, and "should have proceeded with his car under such control" as was necessary to avoid injury to the deceased.

In *Virginia Public Service Co.* v. *Carter*, 168 Va. 171, 179-180, 190 S. E. 155, 158-159 (1937), the plaintiff's horse was injured when it ran into a guy wire constructed negligently by the defendant. An instruction was offered by the defendant which would have told the jury that the defendant was not liable if the horse was injured "by a mere accident, which, by the exercise of ordinary care and reasonable foresight, could not have been foreseen." The trial court added to the offered instruction these words: "But an occurrence to which human negligence proximately contributes is not in law an accident." We held that there was no error on the part of the trial court in adding the amendment to the instruction before it was granted because there was "no evidence that the accident was unavoidable."

In *Matthews* v. *Hicks, Adm'r*, 197 Va. 112, 116-117, 87 S. E. 2d 629, 632 (1955), the operator of a road roller was killed when his

machine was struck from behind by the defendant's tractor-trailer unit. We held that it was not error to refuse the defendant an instruction on unavoidable accident, saying, "Such an instruction is improper where, as here, the only evidence of the cause of damage or injury is that it resulted from human fault."

In *Smith* v. *Tatum*, 199 Va. 85, 91, 97 S. E. 2d 820, 824 (1957), a passenger was killed while giving his daughter-in-law a driving lesson, and his estate sought damages against her. The trial court granted an instruction saying that there was "such a thing as an unavoidable accident" and telling the jury that if it believed "this was one," it should find for the defendant. We held that the instruction "was inappropriate but not reversible error," saying that although "[t]his was not an unavoidable accident" because "due to the negligence of one or the other, or both" of the parties, the jury's verdict for the defendant "was amply supported if not in fact required by the evidence."

In *Mawyer* v. *Thomas*, 199 Va. 897, 901-902, 103 S. E. 2d 217, 220 (1958), involving a collision between two vehicles at a light-controlled intersection, we held that it was error to grant an instruction on unavoidable accident, saying that the "collision was caused by negligence, either the negligence of the defendant or of the plaintiff, or of both, as the jury should find from the evidence."

In *Barner* v. *Whitehead*, 204 Va. 634, 637-638, 133 S. E. 2d 283, 285 (1963), a seven-year-old child was injured when he rode his tricycle into the path of the defendant's vehicle. The trial court granted an instruction which told the jury that if the child rode "into the path of the defendant's car at a time when in the exercise of ordinary care and prudence the defendant could not avoid colliding with him, then the defendant, if he was otherwise acting prudently, was not guilty of negligence." The plaintiff objected to the instruction, claiming that it was an unavoidable accident instruction and contending that there was "no evidence here of any unavoidable accident." We held: "We think it is a negligence instruction. However, in either event it was not error to grant it."

The out-of-state cases to which the plaintiff refers us are *Hogan* v. *Kansas City Public Service Co.*, 322 Mo. 1103, 19 S. W. 2d 707, 713 (1929), where it was held that the giving of an unavoidable accident instruction should be limited to those "instances in which there is evidence tending to show the cause is unknown," and *Fenton* v. *Aleshire*, 238 Ore. 24, 393 P. 2d 217, 221, 222 (1964), where it

was held that "the instruction on unavoidable accident should not be given in any case" because the term "unavoidable accident" is "an anomaly . . . in the modern law of negligence."

In discussing the subject in our opinions, we have said that an unavoidable accident is one "which ordinary care and diligence could not have prevented," or, expressed another way, is one occurring in "the absence of negligence upon the part of all of the parties charged therewith." If these definitions are to be given reasonable application in this jurisdiction, we can neither limit the unavoidable accident theory to injuries occurring from unknown causes, as the Missouri court did in the *Hogan* case, *supra*, nor abolish the theory in its entirety, as the Oregon court did in the *Fenton* case, *supra*.

Although we apparently have not directly approved the granting of an unavoidable accident instruction, it is clear that our prior decisions on the subject have recognized that such an instruction does have a proper place in a negligence case and have indicated that it is not error to grant it if the evidence warrants. While few automobile accidents occur without fault and the occasion for the use of an unavoidable accident instruction might be rare, that does not mean that the instruction should not be given in a proper case.

What is a proper case is, of course, the problem. We have made it plain that where the only evidence of the cause of an injury is that it resulted from human fault, an instruction on unavoidable accident is improper. At the other end of the spectrum, is the case where the only evidence of the cause of an injury is that it occurred without human fault. In the latter instance, the question of an unavoidable accident instruction would be moot, since the matter would have to be decided by the court, as a matter of law.

In between the two extremes lies the area where the instruction may be warranted. If, in a case otherwise proper for jury decision, there is a reasonable theory of the evidence under which the parties involved may be held to have exercised due care notwithstanding that the accident occurred, the question of whether injury was the result of negligence or of unavoidable accident should be covered by appropriate instructions and submitted to the jury. This was the view adopted by the Supreme Court of Appeals of West Virginia in the recent case of *Bolling* v. *Clay*, 150 W. Va. 249, 144 S. E. 2d 682, 688-689 (1965), and we deem it the proper one.

Here, the plaintiff, in arguing his objection to the disputed instruction, told the trial court that from the evidence the jury could have

inferred that the defendant was negligent and since that was so, it was improper to grant the instruction on unavoidable accident. He contended that the testimony of his seven-year-old sister showed that he was walking, not running, across the street when he was struck. He further alleged that the defendant saw the children playing near the street and was "not watching them as she should have." He also asserted that the defendant's vehicle lay down 42 feet of skid marks, indicating "some speed on the part of the defendant."

The defendant, however, furnished a version of the accident which, if believed, directly contradicted the theory advanced by the plaintiff. Under her version, the defendant was operating at a lawful and reasonable speed as she approached the ultimate scene of the accident. She saw the children playing on her left as soon as the physical conditions permitted, and thereupon applied her brakes, slowed her vehicle, and continued to watch the children. She then was faced with the untoward circumstance of the infant plaintiff "running real fast, right in front" of her car, whereupon she "slammed on brakes and pulled . . . over to the right."

The infant plaintiff, because of his age, could not be charged with negligence, and so the jury could not have said that the accident occurred because he failed to use due care. Under the evidence, the finding was fully warranted that the defendant, the only one charged with negligence, had exercised that degree of care required of her by the circumstances, and so the jury could have said that the accident occurred without negligence on her part.

Thus, there was before the jury a reasonable theory of the evidence under which the parties involved may have been held to have exercised due care—a theory justifying the jury in finding that the accident occurred in the absence of negligence. The case, therefore, presented an example of an injury resulting from a cause falling within our accepted definition of unavoidable accident, and it was not error to instruct the jury on that theory of the case.

Finding no error in the judgment appealed from, we will affirm it.

*Affirmed.*