Present:  All the Justices

GENE ROBERT HERR, II

OPINION BY
v.  Record No. 051825          JUSTICE LAWRENCE L. KOONTZ, JR.
September 15, 2006

FRANCES STUART WHEELER

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

In this appeal, we consider whether the trial court erred in giving a "sudden emergency" jury instruction in an automobile accident liability case premised upon the defendant's evidence that her vehicle "hydroplaned" during a rainstorm.

BACKGROUND

As this appeal is limited to the issue of whether the trial court erred in granting a "sudden emergency" jury instruction proffered by the defendant below, now the appellee, she is entitled to have the evidence, and all inferences that may be reasonably drawn from it, viewed in the light most favorable to her.  See Greater Richmond Transit Co. v. Massey, 268 Va. 354, 359, 601 S.E.2d 609, 612 (2004); Rose v. Jaques, 268 Va. 137, 150, 597 S.E.2d 64, 71 (2004).  Our summary of the pertinent evidence and our consideration of the issue presented are guided by these principles.

At approximately 9:50 p.m. on June 20, 2001, Gene Robert Herr, II was a passenger in a vehicle driven by Jeffrey Scott Gibson traveling west on Route 250 in Albemarle County near the

intersection of that two-lane highway and Turner Mountain Road. Gibson was towing a boat on a trailer behind his vehicle. At this location, Route 250 was straight and level with a right turn lane onto Turner Mountain Road branching off from the westbound lane. The intersection was not controlled by stoplight or stop sign. The speed limit on Route 250 at this location was 55 miles per hour.

As Gibson approached the intersection, Frances Stuart Wheeler was operating her vehicle along Route 250 in the eastbound lane. It was "pouring down rain," and both Gibson and Wheeler were operating their vehicles between 35 and 40 miles per hour. Wheeler lost control of her vehicle when it hydroplaned on the wet road surface, crossed the centerline, and struck Gibson's vehicle. The impact forced Gibson's vehicle backward across the right turn lane and caused the boat on the trailer to jackknife as the vehicle came to rest on the side of the road. Wheeler's vehicle skidded back into the eastbound lane and came to rest on the opposite side of Route 250. Herr was injured in the collision.

Herr subsequently filed a motion for judgment in the Circuit Court of Albemarle County against Wheeler asserting that the accident was caused by Wheeler's negligent conduct and seeking $400,000 damages for the injuries he received as a proximate result. Wheeler filed her grounds of defense

2

generally denying the allegations of the motion for judgment and specifically asserting that, among other defenses, she would "rely on the defens[e] of . . . sudden emergency."

During the jury trial conducted in the trial court, Wheeler testified that she "was . . . being cautious because it was pouring down rain and when I started hydroplaning . . . my car slipped on water, lost contact with the road and I skidded into the other lane." Wheeler maintained that although she had both hands on the steering wheel, she was unable to bring the vehicle back into her lane of travel because "you can't steer when you hydroplane." She further testified that her vehicle "drifted into the other lane . . . . It was really fast . . . [T]he [other] car was right there when I hit – when I drifted over, so it happened really quickly."

Gibson testified that "when it's raining, carrying a boat, I've always been taught to be cautious and I always [am]." Gibson further testified that while traveling on Route 250 that night his vehicle did not hydroplane and he did not observe any other vehicles hydroplaning until Wheeler's vehicle did so, causing the accident.

Herr and Wheeler agreed on standard jury instructions defining ordinary negligence and the plaintiff's burden with respect to proving ordinary negligence. Herr also proffered

3

jury Instruction No. 12, which the trial court granted over Wheeler's objection.  This instruction provided that:

> When abnormal conditions are known and the heightened hazards they create are reasonably foreseeable, the standard of care the law imposes is higher.  Thus, where nature has created hazardous conditions on a highway, and such hazardous conditions are open and obvious, the operator of a motor vehicle is required to take care in the operation of his vehicle proportionate to the known dangerous condition of the highway.

See Meador v. Lawson, 214 Va. 759, 762, 204 S.E.2d 285, 287-88 (1974) (snowfall accumulated on road caused defendant's truck to slide into plaintiff's stopped car).

Wheeler proffered jury Instruction No. 18, which the trial court granted over Herr's objection.  This instruction provided that:

> The defendant contends that she was confronted with a sudden emergency.  A sudden emergency is an event or a combination of circumstances that calls for immediate action without giving time for deliberate exercise of judgment.
>
> If you believe from the evidence that the defendant, without negligence on her part, was confronted with a sudden emergency and acted as a reasonable person would have acted under the circumstances of this case, she was not negligent.

The jury returned its verdict in favor of Wheeler.[1]  In a post-verdict motion, Herr argued, among other points, that the

---

[1] The trial court entered an order dated March 31, 2005 reciting the jury's verdict, but in that same order expressly continued the case to permit Herr to file a post-verdict motion to set aside the jury's verdict.  Accordingly, the order entered

4

verdict should be set aside because the trial court erred in instructing the jury on sudden emergency. In a final order dated May 26, 2005 and confirming the jury's verdict, the trial court denied Herr's motion to set aside the verdict. The trial court expressly found "that there was sufficient evidence presented at trial for the sudden emergency instruction to be given and for that issue to be resolved by the jury."

Herr timely noted an appeal to this Court. We awarded Herr an appeal limited to the following assignment of error:

> The trial court erred in giving a Sudden Emergency instruction (no. 18) to the jury, and in denying plaintiff's motion to vacate the jury's verdict and grant a new trial based upon giving said instruction.

## DISCUSSION

This case presents as an issue of first impression the question whether the "hydroplaning" of a vehicle on obviously wet pavement creates a jury question requiring the trial court to give a proffered sudden emergency instruction. We most recently addressed the application of the "sudden emergency doctrine" in <u>Velocity Express Mid-Atlantic v. Hugen</u>, 266 Va. 188, 585 S.E.2d 557 (2003), succinctly summarizing the doctrine and its application as follows: "The sudden emergency doctrine relieves a person of liability if, without prior negligence on

---

on that date was not a final order, and the trial court retained jurisdiction to consider the post-verdict motion.

5

his part, that person is confronted with a sudden emergency and acts as an ordinarily prudent person would act under the circumstances." 266 Va. at 193, 585 S.E.2d at 560.

In Cowles v. Zahn, 206 Va. 743, 746-47, 146 S.E.2d 200, 203 (1966), we stated that "[o]rdinarily the question of application of the sudden emergency doctrine is for the triers of fact. When evidence is conflicting or different inferences may be drawn from the evidence, it is for the jury to say (1) whether the defendant was confronted with an emergency; (2) whether the emergency, if one existed, was created by the defendant's own negligence; and (3) whether the defendant conducted himself as an ordinarily prudent person might have done under the same or similar circumstances." In Garnot v. Johnson, 239 Va. 81, 85-86, 387 S.E.2d 473, 476 (1990), we explained that emergency within the meaning of the sudden emergency doctrine is a sudden, unexpected and unforeseen happening or condition that calls for immediate action. We have further explained that "where a set of circumstances has existed and the party has been exposed to them before, the situation is not 'unexpected.'" Harrah v. Washington, 252 Va. 285, 294, 477 S.E.2d 281, 287 (1996). Moreover, trial courts must use particular care when determining whether to grant a sudden emergency instruction because, as is the case with an "unavoidable accident" instruction, it has the tendency to afford a jury "an easy way of avoiding instead of

6

deciding the issue made by the evidence in the case." Cf. Mawyer v. Thomas, 199 Va. 897, 901, 103 S.E.2d 217, 220 (1958). Accordingly, we have observed that "the grant of a sudden emergency instruction is rarely appropriate." Jones v. Ford Motor Co., 263 Va. 237, 263, 559 S.E.2d 592, 605 (2002).

In Harrah, where fog reduced visibility, we held that the driver of a vehicle who "was thoroughly familiar with the weather conditions" along his route of travel was not entitled to a sudden emergency instruction because he knew or should have known of the hazard presented by the foggy weather conditions. Harrah, 252 Va. at 294, 477 S.E.2d at 287. Herr urges this Court to adopt the same rationale we applied in Harrah to the facts of this case. Herr asserts that Wheeler, by her own testimony, conceded that she was aware of the dangers of driving in the "pouring down rain" on wet pavement and was familiar with her route of travel when such conditions prevailed. Herr contends that when a vehicle hydroplanes on obviously wet pavement, the issue for the jury to consider is whether the hydroplaning resulted from the driver's negligence in operating the vehicle too rapidly or with inadequate control given the road and weather conditions. In this case, Herr maintains that the general instructions on ordinary negligence, and Instruction No. 12 regarding a heightened duty of care when a driver is faced with "abnormal conditions," correctly framed the issue for

7

the jury and, thus, the trial court erred in instructing the jury on sudden emergency.[2]

"[H]ydroplaning results from a combination of factors including the depth of the water, the speed of the vehicle, the depth of the tire treads, and the type of road surface." Holmes v. Doe, 257 Va. 573, 577, 515 S.E.2d 117, 119 (1999). In Holmes, we held that expert testimony is admissible to establish the variables that may cause a particular vehicle to hydroplane. However, we further observed that "the danger of hydroplaning is a matter of common experience." Id. at 578, 515 S.E.2d at 120. Clearly, a reasonable driver knows, or should know, that tire traction is greatly reduced on wet roads and that the exercise of ordinary care requires the driver to respond appropriately when proceeding along a wet roadway to avoid hydroplaning.

The issue for the jury in this case was not whether hydroplaning on an obviously wet road constitutes a sudden emergency. Once a vehicle becomes involved in hydroplaning, the driver has little, if any, control of the vehicle. The issue was whether Wheeler exercised reasonable care in the operation of her vehicle under the prevailing conditions prior to the

---

[2] Wheeler did not assign cross-error to the trial court's granting of Herr's "abnormal conditions" instruction and, accordingly, we do not address whether the instruction was appropriate under the facts of this case. Rather, we will treat it as "the law of the case." Landmark Communications, Inc. v. Macione, 230 Va. 137, 140, 334 S.E.2d 587, 589 (1985).

hydroplaning of her vehicle so as to avoid the collision with Gibson's vehicle.

In this regard, Wheeler stresses that neither the rainy weather nor the wet roadway were the unexpected or unforeseen happenings for which she requested the sudden emergency instruction. Rather, she contends that a sudden emergency instruction was warranted under the specific facts in this case because the evidence supports the conclusion that she "encountered a dangerous accumulation of standing water in one isolated spot on the roadway," and she had "neither observed nor experienced the accumulation of standing water in the roadway until her vehicle encountered the same." We disagree.

The occurrence of standing water on a roadway during a heavy rainstorm is simply another matter of common experience. The hazard this occurrence presents, including the possibility of hydroplaning, is one the driver of a vehicle along the roadway must anticipate and exercise reasonable care to avoid. Although Wheeler had not encountered standing water on the roadway as she traveled along Route 250 and may not have seen the accumulation of water at the point on the roadway her vehicle began to hydroplane, just as in Harrah, such an occurrence was not an "unexpected happening," 252 Va. at 294, 477 S.E.2d at 287, that would warrant giving a sudden emergency instruction. Cf. Banks v. McGee, 475 S.E.2d 733, 734 (N.C. Ct.

9

App. 1996) (holding, under similar facts, that the "evidence simply cannot support a conclusion that the defendant's contact with the puddle of water was an unanticipated event"). Whether Wheeler exercised reasonable care under these circumstances was adequately addressed by the instructions given to the jury regarding ordinary negligence.

Finally, Wheeler further contends that Herr's own evidence supports her contention that the hydroplaning of her vehicle was an unexpected happening in this instance because Gibson testified that neither his vehicle nor any other vehicle he encountered that evening had hydroplaned. Again, we disagree.

In Gardner v. Phipps, 250 Va. 256, 260, 462 S.E.2d 91, 94 (1995), we held that even though the evidence showed that another vehicle previously had "fishtailed" several times during the defendant's journey along a snowy road, the defendant was not entitled to a sudden emergency instruction when the evidence showed that a similar occurrence resulted in his vehicle striking the plaintiff's vehicle. However, nothing in Gardner suggests that the absence of prior occurrences of "fishtailing" on the road would have warranted giving a sudden emergency instruction. Standing alone, evidence that other drivers were able to proceed without incident for some time under adverse conditions does not warrant a sudden emergency instruction just because there is evidence that Wheeler lost control of her

10

vehicle under the same adverse conditions.  See Allen v. Efird, 474 S.E.2d 141, 143 (N.C. Ct. App. 1996), review denied, 483 S.E.2d 702 (N.C. 1997).

Accordingly, we hold that the trial court erred in granting Wheeler's sudden emergency instruction.  "If an issue is erroneously submitted to a jury, we presume that the jury decided the case upon that issue."  Clohessy v. Weiler, 250 Va. 249, 254, 462 S.E.2d 94, 97 (1995); Monahan v. Obici Med. Mgmt. Servs., 271 Va. 621, 637, 628 S.E.2d 330, 339 (2006); see also Hot Shot Express, Inc. v. Brooks, 264 Va. 126, 138, 563 S.E.2d 764, 770 (2002).  The judgment in favor of Wheeler cannot be upheld.

## CONCLUSION

For these reasons, we will reverse the judgment in favor of Wheeler and remand the case for a new trial.

Reversed and remanded.