Present:  All the Justices

RHONDA HANCOCK-UNDERWOOD,
ADMINISTRATOR OF THE ESTATE
OF MELVIN RAY HANCOCK, DECEASED
                                        OPINION BY
v.  Record No. 080425          JUSTICE DONALD W. LEMONS
                                      January 16, 2009
RICHARD I. KNIGHT

               FROM THE CIRCUIT COURT OF AMHERST COUNTY
                       J. Michael Gamble, Judge

     In this appeal, we consider whether the trial court erred

in refusing to instruct the jury on "unavoidable accident" and

"sudden emergency." For the reasons stated below, we will

affirm the judgment of the trial court.

                    I. Facts and Proceedings Below

     On May 21, 2005, an automobile accident occurred on Route

130 in Amherst County involving vehicles driven by Richard I.

Knight ("Knight") and Melvin Ray Hancock ("Hancock").  Hancock

was driving with his wife, Rhonda Hancock ("Rhonda" or

"Administrator"), and his son, Charles Hancock ("Charles"),

traveling west on Route 130 between 10:00 and 11:00 o'clock at

night when his van crossed the centerline and struck Knight's

truck, which was traveling east on Route 130.  Before the

collision, Knight saw Hancock's van coming toward him and

moved his truck, which had a trailer in tow, over to the

right-hand side of the road as far as possible.  Nonetheless,

Hancock's van collided with Knight's truck.  While Knight was

severely injured from the collision, he survived, but Hancock did not.

Knight filed a complaint against Hancock's estate in the Circuit Court of Amherst County seeking $500,000 in damages. At trial, Rhonda and Charles both testified that Hancock complained of a severe headache "a minute[,] minute and-a-half" before "he . . . slumped over the wheel" and that he had not been "sleepy" or "tired" prior to his complaint. After the accident, Hancock was conscious and able to talk to Charles and Rhonda for a few minutes, however his speech became "slurred," and "almost baby like," and "then he just stopped speaking."

A neurological expert, Dr. John Gordon Burch, testified that Hancock "suffered an acute medical crisis" as he operated his vehicle. Specifically, Dr. Burch testified that Hancock suffered "an acute intracranial event. And most likely an intracranial hemorrhage." Further, Dr. Burch testified that it was "extremely unlikely" that Hancock fell asleep and that Hancock did not have "a migraine headache."

At the conclusion of the presentation of evidence in a one-day jury trial, the Administrator sought jury instructions on both the "unavoidable accident" and "sudden emergency" doctrines. The trial court refused to give either instruction. The jury returned a verdict for Knight in the

2

amount of $490,000. The trial court entered judgment on the verdict. We awarded the Administrator an appeal upon two assignments of error:

1. The trial court erred in refusing to give the defendant's "sudden emergency" instruction where substantial evidence demonstrated that the defendant suffered from a medical emergency at the time of the accident.

2. The trial court erred in refusing to give the defendant's "unavoidable accident" instruction where substantial evidence demonstrated that the defendant suffered from a medical emergency at the time of the accident.

## II. Analysis

### A. Standard of Review

When we review a trial court's decision to refuse jury instructions, the evidence is viewed in the light most favorable to the proponent of the instruction. Rose v. Jaques, 268 Va. 137, 150, 597 S.E.2d 64, 71 (2004). Furthermore,

> [a]s we have made clear in the past, "[a] litigant is entitled to jury instructions supporting his or her theory of the case if sufficient evidence is introduced to support that theory and if the instructions correctly state the law." Schlimmer v. Poverty Hunt Club, 268 Va. 74, 78, 597 S.E.2d 43, 45 (2004); accord Honsinger v. Egan, 266 Va. 269, 274, 585 S.E.2d 597, 600 (2003). The evidence introduced in support of a requested instruction "must amount to more than a scintilla." Schlimmer, 268 Va. at 78, 597 S.E.2d at 45 (citing Justus v. Commonwealth, 222 Va. 667, 678, 283 S.E.2d 905, 911 (1981)). "If a proffered instruction finds any support in credible evidence, its refusal is

3

reversible error." McClung v. Commonwealth, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975).

Holmes v. Levine, 273 Va. 150, 159, 639 S.E.2d 235, 239 (2007).

When we review the content of jury instructions, our " 'sole responsibility . . . is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.' " Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). Whether the content of the instruction is an accurate statement of the relevant legal principles is a question of law that, like all questions of law, we review de novo. Alcoy v. Valley Nursing Homes, Inc., 272 Va. 37, 41, 630 S.E.2d 301, 303 (2006).

## B. Unavoidable Accident

Previously, we have defined an "unavoidable accident" as an accident "which ordinary care and diligence could not have prevented, or, expressed another way, is one occurring in the absence of negligence upon the part of all the parties charged therewith." Holbert v. Evans, 209 Va. 210, 215, 163 S.E.2d 187, 191 (1968) (internal quotation marks omitted). The unavoidable accident instruction proffered by the Administrator reads as follows:

4

An unavoidable accident is one which ordinary care and diligence could not have prevented or one which occurred in the absence of negligence by any party to this action.

The various states are split on the propriety of giving an unavoidable accident instruction.  Upon review of the decisions of the highest courts of the various states, it appears that twenty states and the District of Columbia do not permit such an instruction under any circumstance;[1] fifteen states have strongly criticized the instruction but allow it in rare circumstances;[2] nine states appear to allow the

---

[1] Those states are Alaska, Alaska Brick Co. v. McCoy, 400 P.2d 454, 456 (Alaska 1965); Arizona, City of Phoenix v. Camfield, 400 P.2d 115, 120-21 (Ariz. 1965); California, Butigan v. Yellow Cab Co., 320 P.2d 500, 505 (Cal. 1958); Colorado, Lewis v. Buckskin Joe's, Inc., 396 P.2d 933, 941-42 (Colo. 1964); District of Columbia, Andrews v. Forness, 272 A.2d 672, 674 (D.C. 1971); Georgia, Tolbert v. Duckworth, 423 S.E.2d 229, 229-30 (Ga. 1992); Idaho, Schaub v. Linehan, 442 P.2d 742, 746 (Idaho 1968); Indiana, Miller v. Alvey, 207 N.E.2d 633, 636-37 (Ind. 1965); Iowa, Koll v. Manatt's Transp. Co., 253 N.W.2d 265, 268-69 (Iowa 1977); Kentucky, Sloan v. Iverson, 385 S.W.2d 178, 179 (Ky. 1964); Maine, George v. Guerette, 306 A.2d 138, 143 (Me. 1973); Maryland, Fry v. Carter, 825 A.2d 1042, 1043 (Md. 2003); Montana, Graham v. Rolandson, 435 P.2d 263, 274 (Mont. 1967); New Hampshire, Dyer v. Herb Prout & Co., 498 A.2d 715, 717 (N.H. 1985); New Jersey, Vespe v. DiMarco, 204 A.2d 874, 882 (N.J. 1964); New Mexico, Alexander v. Delgado, 507 P.2d 778, 780-81 (N.M. 1973); Oregon, Felton v. Aleshire, 393 P.2d 217, 222-23 (Or. 1964); Rhode Island, Camaras v. Moran, 219 A.2d 487, 489-90 (R.I. 1966); Utah, Randle v. Allen, 862 P.2d 1329, 1336 (Utah 1993); Vermont, Mattison v. Smalley, 165 A.2d 343, 347-48 (Vt. 1960); and West Virginia, Hunter v. Johnson, 359 S.E.2d 611, 613 (W. Va. 1987).

[2] Those states are Alabama, Socier v. Woodward, 88 So.2d 783, 785 (Ala. 1956); Tyler v. Drennen, 51 So.2d 516, 524 (Ala. 1951); Arkansas, Burdette v. Madison, 719 S.W.2d 418,

5

instruction;[3] and the highest courts of five states have not

addressed the issue.[4]  The analytical basis used by those

states that do not permit the use of the "unavoidable

accident" instruction is easily summarized.  These states

disapprove unavoidable-accident instructions, because such an

instruction merely restates the law of negligence, serves no

---

419 (Ark. 1986); Connecticut, Dinda v. Sirois, 347 A.2d 75, 77
(Conn. 1974); Delaware, Univ. of Delaware v. Munson, 316 A.2d
206, 207 (Del. 1974); Florida, Smith v. Canevary, 553 So.2d
1312, 1313-15 (Fla. Dist. Ct. App. 1989)(characterizing
Supreme Court of Florida jury instructions doctrine); Hawaii,
Guanzon v. Kalamau, 402 P.2d 289, 296-97 (Haw. 1965); Kansas,
Kline v. Emmele, 465 P.2d 970, 972 (Kan. 1970); Minnesota,
Holten v. Parker, 224 N.W.2d 139, 143 (Minn. 1974);
Mississippi, Tillman v. Singletary, 865 So.2d 350, 352-53
(Miss. 2003); Missouri, Hogan v. Kansas City Pub. Serv. Co.,
19 S.W.2d 707, 712 (Mo. 1929); Oklahoma, Athey v. Bingham, 823
P.2d 347, 350 (Okla. 1991); South Dakota, Howard v. Sanborn,
483 N.W.2d 796, 798-99 (S.D. 1992); Texas, Reinhart v. Young,
906 S.W.2d 471, 472-73 (Tex. 1995); Washington, Brewer v.
Berner, 131 P.2d 940, 943 (Wash. 1942); and Wisconsin, Van
Matre v. Milwaukee Elec. Ry. & Transp. Co., 67 N.W.2d 831, 833
(Wis. 1955).

[3] Those states are Illinois, Carson, Pirie, Scott & Co. v.
Chicago Rys. Co., 141 N.E. 172, 174-75 (Ill. 1923); Flanagan
v. The Chicago City Ry. Co., 90 N.E. 688, 689-90 (Ill. 1909);
Michigan, Lober v. Sklar, 97 N.W.2d 617, 619 (Mich. 1959);
McClarren v. Buck, 72 N.W.2d 31, 32 (Mich. 1955); Nebraska,
Maloney v. Kaminski, 368 N.W.2d 447, 457 (Neb. 1985); North
Carolina, Gregory v. Lynch, 155 S.E.2d 488, 491 (N.C. 1967);
North Dakota, Reuter v. Olson, 59 N.W.2d 830, 835-36 (N.D.
1953); Ohio, Grindell v. Huber, 275 N.E.2d 614, 617-18  (Ohio
1971); South Carolina, Collins v. Thomas, 135 S.E.2d 754, 754-
55 (S.C. 1964); Tennessee, Blackburn v. Murphy, 737 S.W.2d
529, 534 (Tenn. 1987); DeMauro v. Tusculum College, Inc., 603
S.W.2d 115, 120 (Tenn. 1980); and Wyoming, Friesen v.
Schmelzel, 318 P.2d 368, 371-72 (Wyo. 1957).

[4] Those states are Louisiana, Massachusetts, Nevada, New
York, and Pennsylvania.

useful purpose, overemphasizes the defendant's case, and is apt to confuse and mislead the jury.

Of the states that do permit an "unavoidable accident" instruction, many have narrowly circumscribed its use, recognizing that it is only helpful to the jury in a very small number of factual instances. The limitation adopted by the Supreme Court of South Dakota is typical:

> In the ordinary negligence action the jury is adequately instructed on the ultimate issues by instructions on negligence, contributory negligence, burden of proof, and proximate cause. Further instruction on unavoidable accident usually is unnecessary. Such an instruction may properly be given in those cases where there is evidence of something other than the negligence of one of the parties [having] caused the mishap. It is particularly apt where the further element of "surprise" is present such as the sudden and unexpected presence of ice, the blow-out of a tire, the malfunction of brakes, or other mechanical failure.

Cordell v. Scott, 111 N.W.2d 594, 598 (S.D. 1961).

To date, we have permitted an "unavoidable accident" instruction in certain narrow circumstances. We have held:

> Although we apparently have not directly approved the granting of an unavoidable accident instruction, it is clear that our prior decisions on the subject have recognized that such an instruction does have a proper place in a negligence case and have indicated that it is not error to grant it if the evidence warrants. While few automobile accidents occur without fault and the occasion for the use of an unavoidable accident instruction might be rare, that does not mean

7

> that the instruction should not be given in the proper case.
>
> What is a proper case is, of course, the problem. We have made it plain that where the only evidence of the cause of an injury is that it resulted from human fault, an instruction on unavoidable accident is improper. At the other end of the spectrum, is the case where the only evidence of the cause of an injury is that it occurred without human fault. In the latter instance, the question of an unavoidable accident instruction would be moot, since the matter would have to be decided by the court, as a matter of law.
>
> In between the two extremes lies the area where the instruction may be warranted. If, in a case otherwise proper for jury decision, there is a reasonable theory of the evidence under which the parties involved may be held to have exercised due care notwithstanding that the accident occurred, the question of whether injury was the result of negligence or unavoidable accident should be covered by appropriate instructions and submitted to the jury.

Holbert, 209 Va. at 215, 163 S.E.2d at 191-192.

We have cautioned trial courts to "use particular care when determining whether to grant" instructions on unavoidable accident because they have "the tendency to afford a jury an easy way of avoiding instead of deciding the issue made by the evidence in the case." Herr v. Wheeler, 272 Va. 310, 315, 634 S.E.2d 317, 320 (2006); see also Holbert, 209 Va. at 215, 163 S.E.2d at 191 (stating that because few accidents happen without fault the occasions warranting an instruction on unavoidable accident might be rare). While in the past we have permitted under rare and specific circumstances an

8

instruction on unavoidable accident, today we join the clear trend in the states favoring exclusion of its use altogether.

The reason we do so is amply demonstrated by this case. The Administrator's request for an unavoidable accident instruction was denied; however the trial court granted the following instructions:

INSTRUCTION NO. 1

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1) Was Melvin Ray Hancock negligent?

(2) If he was negligent, was his negligence a proximate cause of the accident?

(3) If the Plaintiff is entitled to recover, what is the amount of his damages?

On all three of these issues, the Plaintiff has the burden of proof.

Your decision on these issues must be governed by the instructions that follow.

INSTRUCTION NO. 2

You shall find your verdict for the Plaintiff if he has proved by the greater weight of the evidence that:

(1) Melvin Ray Hancock was negligent; and

(2) Melvin Ray Hancock's negligence was a proximate cause of the Plaintiff's accident and damages.

You shall find your verdict for the Defendant if the Plaintiff failed to prove either or both of the two elements above.

INSTRUCTION NO. 5

The Plaintiff has the burden of proving by the greater weight of the evidence that Melvin Ray Hancock was negligent and that his negligence proximately caused the accident and any of the injuries to the Plaintiff.

9

INSTRUCTION NO. 7

The proximate cause of an accident, injury, or damage is a cause which in natural and continuous sequence produces the accident, injury, or damage.  It is a cause without which the accident, injury, or damage would not have occurred.

INSTRUCTION NO. 8

Negligence is the failure to use ordinary care. Ordinary care is the care a reasonable person would have used under the circumstances of this case.

INSTRUCTION NO. 9

The driver of a vehicle has a duty to drive on the right half of the highway.  If a driver fails to perform this duty, then he is negligent.

INSTRUCTION NO. 11

The driver of a vehicle has a duty to give, as nearly as possible, one half of the main traveled portion of the highway to a driver proceeding in the opposite direction.  When the road is unmarked, the dividing line is the center of the highway.

If a driver fails to perform this duty, then he is negligent.

INSTRUCTION NO. 12

The fact that Melvin Ray Hancock's oncoming vehicle was in the Plaintiff's lane of travel at the time of the impact allows you to find that Mr. Hancock was negligent unless you believe from other evidence that he was not negligent.

INSTRUCTION NO. 13

A person who falls asleep while driving is negligent.

INSTRUCTION NO. A

The fact that there was an accident and that Mr. Knight was injured does not, of itself, entitle Mr. Knight to recover.

Mr. Knight has the burden of proving by the greater weight of the evidence that Mr. Hancock

10

was negligent and that his negligence caused Mr. Knight's injuries.

Further, the trial court made it absolutely clear that the Administrator would not be curtailed in her argument to the jury that Hancock was free from negligence.  And the Administrator made good use of the opportunity in closing argument as her counsel specifically referred to the instructions given.

We have expressed great reservations about the use of an unavoidable accident instruction.  We "have recognized that such an instruction is apt to give a jury 'an easy way of avoiding instead of deciding the issue made by the evidence in the case.' "  Chodorov v. Eley, 239 Va. 528, 531, 391 S.E.2d 68, 70 (1990) (quoting Mawyer v. Thomas, 199 Va. 897, 901, 103 S.E.2d 217, 220 (1958)).  We have repeatedly stated that "it is rarely permissible to give an unavoidable accident instruction."  Marshall v. Goughnour, 221 Va. 265, 269, 269 S.E.2d 801, 804 (1980).  In consideration of the prevailing concerns of the states that have rejected the instruction – that it merely restates the law of negligence, overemphasizes the defendant's case, and is apt to confuse and mislead – we join those states and hold that it is error to grant an unavoidable accident instruction.  The trial court in this case did not err in refusing it.

C. Sudden Emergency

11

The Administrator also proffered an instruction on sudden emergency, which was refused by the trial court. The instruction read:

> Rhonda Hancock-Underwood, Administrator of the Estate of Melvin Ray Hancock contends that Melvin Ray Hancock was confronted with a sudden emergency. A sudden emergency is an event or a combination of circumstances that calls for immediate action without giving time for the deliberate exercise of judgment.
> If you believe from the evidence that Melvin Ray Hancock, without negligence on his part, was confronted with a sudden emergency and acted as a reasonable person would have acted under the circumstances of this case, he was not negligent.

The evidence introduced in support of a requested instruction " 'must amount to more than a scintilla.' " Schlimmer, 268 Va. at 78, 597 S.E.2d at 45 (quoting Justus, 222 Va. at 678, 283 S.E.2d at 911).

In Vahdat v. Holland, 274 Va. 417, 421, 649 S.E.2d 691, 693 (2007), we restated the essence of the doctrine as follows:

> The sudden emergency doctrine provides that "[w]hen the driver of an automobile, without prior negligence on his part, is confronted with a sudden emergency and acts as an ordinarily prudent person would have done under the same or similar circumstances, he is not guilty of negligence." Pickett v. Cooper, 202 Va. 60, 63, 116 S.E.2d 48, 51 (1960) (citing Southern Passenger Motor Lines, Inc. v. Burks, 187 Va. 53, 60, 46 S.E.2d 26, 30 (1948)); accord Velocity Express Mid-Atlantic, Inc. v. Hugen, 266 Va. 188, 193, 585 S.E.2d 557, 560 (2003).

12

Unlike an unavoidable accident instruction, a sudden emergency instruction does not merely repeat the law of negligence.  It adds new considerations to the negligence equation.  A person confronted with a sudden emergency must "act[] as an ordinarily prudent person would have done under the same or similar circumstances."  This additional requirement is not addressed in the general negligence instructions ordinarily given (as in this case).  Nonetheless, we have cautioned trial courts about the use of this instruction.  Jones v. Ford Motor Co., 263 Va. 237, 263, 559 S.E.2d 592, 605 (2002) ("the grant of a sudden emergency instruction is rarely appropriate").  For example, it is foreseeable and not unexpected that a car in a line of traffic will stop suddenly.  See Garnot v. Johnson, 239 Va. 81, 86, 387 S.E.2d 473, 476 (1990); see also Chodorov, 239 Va. at 531, 391 S.E.2d at 70.  The occurrence of standing water on a roadway during a heavy rainstorm is not an unexpected event justifying a sudden emergency instruction.  Herr, 272 Va. at 317, 634 S.E.2d at 321.  The doctrine of sudden emergency may not be invoked by one who creates or contributes to the emergency by his own negligence.  Bloxom v. McCoy, 178 Va. 343, 349, 17 S.E.2d 401, 403 (1941); Thibodeau v. Vandermark, 234 Va. 15, 18, 360 S.E.2d 171, 173 (1987).

In this case, the instruction proffered directed the jury to consider Hancock's action after being confronted with a sudden emergency.  As the trial court correctly noted:

> Well, in this case Mr. Hancock didn't take
> immediate action under the defendant's theory of
> the case.  He was unconscious.  He had a medical
> event, he was slumped over the wheel.  There was
> no action that he could take or did take.  He
> lost control of the vehicle under their theory
> of the case, so I don't think the sudden
> emergency instruction applies.

The trial court was presented with a proposed instruction that was not supported by the evidence. The trial court did not err in refusing the instruction tendered.

We have previously stated in the context of a medical emergency:

> [W]here the driver of an automobile is suddenly
> stricken by an illness, which he has no reason
> to anticipate and which renders it impossible
> for him to control the car, he is not chargeable
> with negligence.

Driver v. Brooks, 176 Va. 317, 327, 10 S.E.2d 887, 892 (1940) (quoting Cohen v. Petty, 65 F.2d 820 (D.C. App. 1933).  In Brinser v. Young, 208 Va. 525, 158 S.E.2d 759 (1968), we once again relied on Cohen, and quoted the following language:

> It is undoubtedly the law that one who is
> suddenly stricken by an illness, which he had no
> reason to anticipate, while driving an
> automobile, which renders it impossible for him
> to control the car, is not chargeable with,
> negligence.

<u>Brinser</u>, 208 Va. at 527, 158 S.E.2d at 761 (quoting <u>Cohen</u>, 65 F.2d at 821).

We do not reach the question whether an instruction drafted in accordance with <u>Driver</u> and <u>Brinser</u> would be proper because, in this case, the trial court was presented with a proposed instruction that was not supported by the evidence. The trial court did not err in refusing the instruction tendered.

## III. Conclusion

For the reasons stated, we hold that it is error to instruct a jury on unavoidable accident. Further, the particular instruction tendered by the Administrator concerning sudden emergency was not supported by the evidence. Accordingly, the trial court did not err in refusing either instruction.

<u>Affirmed</u>.