COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Friedman

UNPUBLISHED

AMALIA MAMAED

v.      Record No. 0592-24-4

EV-AIR-TIGHT, SHOEMAKER, INC.

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 16, 2025

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan D. Frieden, Judge

(D. Cory Bilton; Bilton Law Firm, PLLC, on brief), for appellant.

(Richard W. Evans; Ronald W. Cox, Jr.; Amy Leete Leone;
McCarthy Wilson LLP, on brief), for appellee.

Amalia Mamaed appeals a personal injury judgment for Ev-Air-Tight, Shoemaker, Inc.

(Shoemaker). She contends that the trial court erred by instructing the jury regarding Shoemaker's

assumption of risk defense. Having examined the briefs and record in this case, the panel

unanimously agrees that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Finding no error by the court, we affirm.

BACKGROUND

We view the evidence in the light most favorable to Shoemaker as the proponent of the jury

instruction challenged on appeal. *Drexel v. Commonwealth*, 80 Va. App. 720, 731 n.2 (2024).

Mamaed parked her vehicle inside a parking garage on the morning of August 25, 2015. As she left

the garage, she noticed that some lumber had been placed "to the side of a parking space." As a

result, she had "a general awareness that there may [be] wood somewhere in the area" and knew

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

that she "needed to take steps to protect [her] safety," including by paying attention to where she stepped. Mamaed exited the parking garage by stepping up from the garage floor onto a platform.

Mamaed returned to the parking garage that night. When she stepped off the platform toward her vehicle, she stepped onto lumber that had been "tucked . . . close to the step." According to Mamaed, the instability of the lumber caused her to fall and suffer injuries.

Mamaed sued Shoemaker—the company that had been performing construction work in the parking garage—for negligently placing the lumber on "walking surfaces and other common areas."[1] Shoemaker asserted, among other things, that Mamaed assumed the risk of her accident. The case proceeded to a four-day jury trial beginning in February 2024.

Mamaed testified that the parking garage was dark and that she did not see the lumber before she fell. She recalled "stepping down and feeling unstable" before her "next foot came down as normal when [stepping off of] a platform" and felt "unstable as well." According to Mamaed, she "always" paid attention to what she walked on but would have had to look down at an unnatural angle to have seen the lumber. She acknowledged that she had been "looking straight ahead" when she fell and that "[t]here was nothing obstructing [her] view" of the lumber after she fell.

After the close of evidence, Shoemaker proffered a jury instruction on assumption of risk, to which Mamaed objected because her "uncontradicted testimony [was] that she did not see the wood before she stepped down." Shoemaker emphasized that Mamaed "appreciated that wood was around" and "knew [that] she had to exercise a heightened level of awareness." The court instructed the jury over Mamaed's objection, noting her testimony that she placed her second foot on the lumber despite knowing that it was unstable. After deliberating, the jury returned a verdict for Shoemaker, and Mamaed now appeals.

---

[1] Mamaed settled claims against three other entities before trial.

ANALYSIS

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" *Conley v. Commonwealth*, 74 Va. App. 658, 674-75 (2022) (quoting *Fahringer v. Commonwealth*, 70 Va. App. 208, 211 (2019)). "A trial court's decision whether to grant or refuse a proposed jury instruction is generally subject to appellate review for abuse of discretion." *Rodrigue v. Butts-Franklin*, 79 Va. App. 645, 653 (2024) (quoting *Howsare v. Commonwealth*, 293 Va. 439, 443 (2017)). "[A] litigant is entitled to jury instructions supporting his or her theory of the case if sufficient evidence is introduced to support that theory." *Id.* (quoting *Hancock-Underwood v. Knight*, 277 Va. 127, 130 (2009)). "The evidence is sufficient to support a theory of the case if it 'amount[s] to more than a scintilla.'" *Id.* (alteration in original) (quoting *Hancock-Underwood*, 277 Va. at 131). "We have declined to define the term 'scintilla,' but instead [have] held that it should be '"resolved on a case-by-case basis" by assessing the evidence in support of a proposition against the "other credible evidence that negates" it.'" *Id.* at 653-54 (alteration in original) (quoting *Edwards v. Commonwealth*, 65 Va. App. 655, 662-63 (2015)).

"[A] person's voluntary assumption of the risk of injury from a known danger operates as a complete bar to recovery for a defendant's alleged negligence in causing that injury." *Thurmond v. Prince William Pro. Baseball Club*, 265 Va. 59, 64 (2003). "Application of the defense of assumption of risk requires use of a subjective standard, which addresses whether a particular plaintiff fully understood the nature and extent of a known danger and voluntarily exposed herself to that danger." *Id.* "Thus, the defense of assumption of risk ordinarily presents a jury question, unless reasonable minds could not differ on the issue." *Id.* "[B]efore the issue of assumption of the risk may be submitted to the jury, there must be sufficient evidence that the

plaintiff had knowledge of the existing danger and willingly incurred its risk." *Young v. Lambert*, 253 Va. 237, 241 (1997).

Mamaed contends that the court erred by instructing the jury regarding Shoemaker's assumption of risk defense. She argues that not even a scintilla of evidence supported the instruction, emphasizing her testimony that she did not see the lumber at the platform. Mamaed also claims that, because there were no eyewitnesses, "she was the only source of information about her perceptions and actions leading up to the trip and fall." According to Mamaed, the evidence demonstrated that she "was completely unaware of [the lumber] before she fell." Her argument must fail, however, because it requires the Court to view the evidence in the light most favorable to her.

When viewed in the light most favorable to Shoemaker, as the governing standard of review requires, *Drexel*, 80 Va. App. at 731 n.2, the record contains more than a scintilla of evidence that Mamaed was aware that lumber throughout the garage at night presented a hazard to her safety. Mamaed recognized the dangerous condition of the garage and conceded that she "needed to take steps to protect" her safety while walking in the garage, including by paying attention to where she walked. Despite recognizing that danger, she did not look where she walked and took a second step despite an unstable first step. She also admitted that "[t]here was nothing obstructing [her] view" of the lumber after she fell—a statement affecting the credibility of her account from before the fall and permitting a reasonable inference that she was aware of the danger. *Cf. Young*, 253 Va. at 241. Thus, the court did not abuse its discretion by instructing the jury regarding Shoemaker's assumption of risk defense. *See id.*; *Rodrigue*, 79 Va. App. at 653-54.

## CONCLUSION

For the foregoing reasons, we affirm the court's judgment.

*Affirmed.*